United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 2, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-41718
Summary Calendar

ROYAL MAYNE HOPPER, JR.,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF
SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:02-CV-542
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Royal Mayne Hopper, Jr., incarcerated federal prisoner # 27844-048, appeals the district court's affirmance of the Social Security Commissioner's nonpayment of his social security retirement benefits pursuant to 42 U.S.C. § 402(x)(1). Hopper argues that the nonpayment of his benefits violates 42 U.S.C. § 407(a). We disagree. The Commissioner's nonpayment of benefits to Hopper pursuant to 42 U.S.C. § 402(x) does not fall

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

within 42 U.S.C. § 407(a)'s anti-attachment provisions.  See Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 123 S. Ct. 1017, 1024-26 (2003).

Hopper asserts that the benefits are his property and that the nonpayment of those benefits is a seizure and should fall under the criminal forfeiture statutes.  He fails to include his reasons for this conclusion or citations to relevant authority.  See FED. R. APP. P. 28(a)(9)(A).  Accordingly, Hopper has abandoned this  issue on appeal by failing to brief it adequately.  See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993); Brinkmann v. Dallas Cty. Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

AFFIRMED.